UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., CENGAGE LEARNING, INC.; ELSEVIER INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; PEARSON EDUCATION, INC., and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>DOE 1 D/B/A ANYTHING YOU CAN IMAGINE; DOE 2 D/B/A BOOKSABILLIONS and MOMMA'S MEDIA 'N MORE; DOE 3 D/B/A BOOKS WORM; INC. and SHELF BOOK; DOE 4 D/B/A CLINGONBLING, GIFT_FAIR, and ONLINE MYSOLUTIONS; DOE 5 D/B/A CPMOM; DOE 6 D/B/A ERA-BOOKSTORE; DOE 7 D/B/A HIDDEN LAKE TREASURE and PUBLIX BOOKS LLC; DOE 8 D/B/A MURRAY MEDIA; DOE 9 D/B/A PRIME BOX UP; DOE 10 D/B/A INFO AVENUE; DOE 11 D/B/A ZAGGIE; BORGASORUS BOOKS, INC.; FLIPPING PAGES INC.; BENJAMIN BARRETT ROBERTS; CAMERON WESLEY ROBERTS; SPENCER J. ROWLES; CARLA M. ROWLES; TIERNEY M. ROWLES; WESLEY ROWLES; CARLOS A. CORRASCO; ROBERT D. MEADOWS; and UNITYSTORE INC.,<br><br>   Defendants. | Civil Action No. 1:18-cv-7380-PGG |

**STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT
DOE 2 D/B/A BOOKSABILLIONS AND MOMMA'S MEDIA 'N MORE**

Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., Elsevier Inc., McGraw-Hill Global Education Holdings, LLC, and Bedford, Freeman & Worth Publishing Group, LLC (collectively, "Plaintiffs") and putative Defendants John Moniz and Krista Hale, identified in the Complaint as Doe 2 doing business as Booksabillions and Momma's Media 'N More

(collectively, "Defendants") having stipulated and agreed to entry of this Preliminary Injunction (the "Injunction"), it is HEREBY ORDERED that:

1. This Injunction replaces and supercedes the Temporary Restraining Order issued on August 15, 2018 at ECF No. 3 ("TRO") as to Defendants doing business on Amazon.com as Booksabillion (Amazon Seller ID: A38TY4IEMCJ5IH) and Momma's Media 'N More (Amazon Seller ID: A34K9P7R04EKXL) (collectively, the "Online Storefronts").

2. In accordance with Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Works"), *i.e.*, any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (attached hereto as **Appendix A**) (the "Imprints");

    b) Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit C to the Complaint and/or associated with the Imprints on **Appendix A** ("Plaintiffs' Marks");

    c) Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

    d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe, manufacture, import, distribute, offer for sale, and/or sell counterfeit counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks.

3. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this

Injunction, must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, held by, or transferred from any of Defendants' Online Storefronts ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts, cease allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' accounts with Amazon.com or other online marketplace providers ("Online Marketplaces"); and (b) Defendants' accounts with banks, financial institutions, or payment processing companies ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' Online Storefronts. However, Defendants' Accounts <u>do not include</u> the following accounts:

| ACCOUNT NAME | ACCOUNT HELD BY | ACCOUNT NO. ENDING IN: |
|---|---|---|
| John Moniz | Bank of America | *9766 |
| Krista Hale | Navy Federal Credit Union | *5282 |
| Krista Hale | Navy Federal Credit Union | *9561 |
| Momma's Media 'N More | Amazon | *EKXL |
| Booksabillion | Amazon | *J5IH |

4. Any funds in Defendant's Account at Bank of America ending in *6149 over and above the $50,000.00 are not subject to this Injunction.

5. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, are enjoined from distributing, transferring, selling, or listing for sale Plaintiffs' Works on any Online Marketplace, pending Plaintiffs' Inspection (as defined and described

herein) (the "Inspection").

6. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Injunction, must immediately locate all physical copies of Plaintiffs' Works that are within any Defendant's possession, custody, or control, or held in inventory on behalf of any Defendant, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works pending Plaintiffs' Inspection. Any copies of Plaintiffs' Works determined by Plaintiffs during the Inspection to be not counterfeit shall, upon receipt of Plaintiffs' Determination Notice (as defined below), be exempt from this Injunction.

7. To facilitate the prompt inspection of Defendants' inventory of Plaintiffs' Works, Defendants shall provide to Plaintiffs (to the extent not already produced) a list of all physical copies of Plaintiffs' Works (the "Books") held by Defendants ("Non-Amazon Inventory") or by Amazon on Defendants' behalf ("Amazon Inventory"), and shall continue to do so on an ongoing basis as Defendants acquire new Books for resale (each such list provided is reffered to as a "Book Inspection List"). Plaintiffs shall, within two (2) business days of receiving a Book Inspection List from Defendants, identify to Defendants and, as appropriate, Amazon, all of the Books that Plaintiffs intend to inspect (an "Inspection Notice"). Within seven (7) days of receiving an Inspection Notice, Defendants shall cause Plaintiffs' Books identified on the Inspection Notice, whether such Books are Non-Amazon Inventory or Amazon Inventory, to be shipped to Plaintiffs' counsel for purposes of conducting the Inspection. If a Defendant's Amazon account is not reinstated, such that the Defendant cannot carry out the terms of this paragraph as to Amazon Inventory, Amazon shall ship to Plaintiffs' counsel, at Plaintiffs' expense, the relevant Books identified on the Inspection Notice within 7 days of receiving the

Inspection Notice.

8.  Plaintiffs shall conduct the Inspection promptly and provide their findings to Defendants (the "Determination Notice"). If the initial Inspection Notice lists two hundred (200) or fewer Books for inspection, then Plaintiffs shall provide the Determination Notice to Defendants within seven (7) calendar days of Plaintiffs' receipt of the Books to be inspected. If the initial Inspection Notice lists more than two hundred (200) Books, Plaintiffs shall provide the Determination Notice as to the additional Books within a reasonable time period. Plaintiffs shall provide Determination Notices for Books received following subsequent Inspection Notices on September 14, 2018, September 21, 2018, and on the first of the month thereafter, subject to Plaintiffs having seven (7) calendar days to review the Books prior to providing the Determination Notice for any particular Book. Plaintiffs shall return to Defendants any Books on the Determination Notice that are not identified as counterfeit ("Unrestrained Textbooks"). Plaintiffs' Books that 1) are identified on the Determination Notice as Unrestrained Textbooks, or 2) <u>are not</u> identified on the Inspection Notice, shall be exempt from paragraph 5 of this Injunction. However, Plaintiffs' decision not to identify one or more of Plaintiffs' Works on the Inspection Notice does not constitute a waiver or limitation of any rights, claims, or remedies that may be applicable, or any kind of admission or finding of fact or law that any such corresponding Books are authentic.

9.  Plaintiffs' counsel shall hold and preserve as evidence any Books determined by Plaintiffs to be counterfeit ("Counterfeit Textbooks") as identified in the Determination Notice. If requested by a Defendant, Plaintiffs shall make the Counterfeit Textbooks available to such Defendant for inspection at a time mutually convenient to Plaintiffs and Defendants.

10. Subject to and consistent with the terms of this Injunction, Plaintiffs do not object

5

to Amazon or any other online marketplace reinstating Defendants' Online Storefronts and permitting Defendants to conduct sales on such marketplace.

11. This Injunction shall remain in effect until further order of the Court.

12. Plaintiffs and Defendants agree to extend the deadline for Defendants to move, answer, or otherwise respond to the Complaint from September 10, 2018 to October 1, 2018.

SO ORDERED this ___ day of _____, 2018.

_____
PAUL G. GARDEPHE
United States District Judge

STIPULATED AND AGREED TO BY:

_____
JOHN MONIZ
Date: 8/28/18

_____
KRISTA HALE
Date: 8/28/18

_____
Matthew J. Oppenheim
Kerry M. Mustico
Matthew J. Fleischman
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Ave. NW STE 503
Washington, DC 20015
(202) 480-2999
matt@oandzlaw.com
kerry@oandzlaw.com
fleischman@oandzlaw.com

*Counsel for Plaintiffs*

Date: 8/29/18

## APPENDIX A: PLAINTIFFS' IMPRINTS

| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |

| ELSEVIER INC. ||
|---|---|
| Academic Cell<br>Academic Press<br>Amirsys<br>Butterworth Heinemann<br>Churchill Livingstone<br>Digital Press<br>Elsevier<br>Gulf Professional Publishing<br>Hanley & Belfus<br>Knovel | Made Simple Books<br>Medicine Publishing<br>Morgan Kaufmann Publishers<br>Mosby<br>Newnes<br>North Holland<br>Saunders<br>Urban & Fischer<br>William Andrew<br>Woodhead Publishing |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | PEARSON EDUCATION, INC. |
|---|---|
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Prentice Hall<br>Que Publishing<br>Sams Publishing |