UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC., CENGAGE LEARNING, INC.; ELSEVIER INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; PEARSON EDUCATION, INC., and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC,<br><br>   Plaintiffs,<br><br> v.<br><br>DOE 1 D/B/A ANYTHING YOU CAN IMAGINE; DOE 2 D/B/A BOOKSABILLIONS and MOMMA'S MEDIA 'N MORE; DOE 3 D/B/A BOOKS WORM; INC. and SHELF BOOK; DOE 4 D/B/A CLINGONBLING, GIFT_FAIR, and ONLINE MYSOLUTIONS; DOE 5 D/B/A CPMOM; DOE 6 D/B/A ERA-BOOKSTORE; DOE 7 D/B/A HIDDEN LAKE TREASURE and PUBLIX BOOKS LLC; DOE 8 D/B/A MURRAY MEDIA; DOE 9 D/B/A PRIME BOX UP; DOE 10 D/B/A INFO AVENUE; DOE 11 D/B/A ZAGGIE; BORGASORUS BOOKS, INC.; FLIPPING PAGES INC.; BENJAMIN BARRETT ROBERTS; CAMERON WESLEY ROBERTS; SPENCER J. ROWLES; CARLA M. ROWLES; TIERNEY M. ROWLES; WESLEY ROWLES; CARLOS A. CORRASCO; ROBERT D. MEADOWS; and UNITYSTORE INC.,<br><br>   Defendants. | Civil Action No. 1:18-cv-7380-PGG |

**STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT**
**<u>DOE 8 D/B/A MURRAY MEDIA</u>**

Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., Elsevier Inc., McGraw-Hill Global Education Holdings, LLC, and Bedford, Freeman & Worth Publishing Group, LLC (collectively, "Plaintiffs") and putative Defendant Alan Muray, identified in the Complaint as Doe 8 doing business as Murray Media ("Defendant") having stipulated and agreed to entry of

this Preliminary Injunction (the "Injunction"), it is HEREBY ORDERED that:

1. This Injunction replaces and supercedes the Temporary Restraining Order issued on August 15, 2018 at ECF No. 3 ("TRO") as to Defendant doing business on Abebooks.com as Murray Media (Abebooks URL: https://www.abebooks.com/murray-media-north-miami-beach-fl/59705792/sf?cm_sp=BOT-_seller-_-sf) (the "Online Storefront").

2. In accordance with Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, Defendant, his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Works"), *i.e.*, any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (attached hereto as **Appendix A)** (the "Imprints");

    b) Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit C to the Complaint and/or associated with the Imprints on **Appendix A** ("Plaintiffs' Marks");

    c) Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

    d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe, manufacture, import, distribute, offer for sale, and/or sell counterfeit counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks.

3. Defendant, his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, must immediately locate all accounts holding or receiving money or other assets owned,

connected to, associated with, held by, or transferred from Defendant's Online Storefront ("Defendant's Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendant's Accounts, cease allowing such money or other assets in Defendant's Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court.  Defendant's Accounts include but are not limited to:  (a) Defendant's accounts with Abebooks.com or other online marketplace providers ("Online Marketplaces"); and (b) Defendant's accounts with banks, financial institutions, or payment processing companies ("Financial Institutions") that have received money or other assets from Defendant's Accounts or otherwise received sales proceeds from Defendant's Online Storefront. However, any funds received into Defendant's Account after entry of this Injunction, are not subject to this Injunction.  Moreover, Defendant's Accounts <u>do not include</u> the following Wells Fargo account:

| ACCOUNT NAME | ACCOUNT NO. ENDING IN: |
|---|---|
| Alan Murray | *0435 |

4.	Any funds in Defendant's Abebooks account ending in *5792 over and above the $70,000 are not subject to this Injunction.

5.	Defendant, his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, are enjoined from distributing, transferring, selling, or listing for sale only Plaintiffs' Works on any Online Marketplace, pending Plaintiffs' Inspection (as defined and described herein) (the "Inspection").

6.	Defendant, his officers, agents, servants, employees, and attorneys, and all those

in active concert or participation with any of them with actual notice of this Injunction, must immediately locate all physical copies of Plaintiffs' Works that are within Defendant's possession, custody, or control, or held in inventory on behalf of Defendant, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works pending Plaintiffs' Inspection.  Any copies of Plaintiffs' Works determined by Plaintiffs during the Inspection to be not counterfeit shall, upon receipt of Plaintiffs' Determination Notice (as defined below), be exempt from this Injunction.

7. To facilitate the prompt inspection of Defendant's inventory of Plaintiffs' Works, Defendant shall provide to Plaintiffs (to the extent not already produced) a list of all physical copies of Plaintiffs' Works (the "Books") held by Defendant.  Plaintiffs shall identify to Defendant and all of the Books that Plaintiffs intend to inspect (the "Inspection Notice").  Within seven (7) days of receiving the Inspection Notice, Defendant shall cause Plaintiffs' Books identified on the Inspection Notice to be shipped to Plaintiffs' counsel for purposes of conducting the Inspection.

8. Plaintiffs shall conduct the Inspection promptly and provide their findings to Defendant (the "Determination Notice").  Plaintiffs shall return to Defendant any Books on the Determination Notice that are not identified as counterfeit ("Unrestrained Textbooks").  Plaintiffs' Books that 1) are identified on the Determination Notice as Unrestrained Textbooks, or 2) <u>are not</u> identified on the Inspection Notice, shall be exempt from paragraph 4 of this Injunction.  However, Plaintiffs' decision not to identify one or more of Plaintiffs' Works on the Inspection Notice does not constitute a waiver or limitation of any rights, claims, or remedies that may be applicable, or any kind of admission or finding of fact or law that any such corresponding Books are authentic.

9. Plaintiffs' counsel shall hold and preserve as evidence any Books determined by Plaintiffs to be counterfeit ("Counterfeit Textbooks") as identified in the Determination Notice.  If

requested by Defendant, Plaintiffs shall make the Counterfeit Textbooks available to Defendant for inspection at a time mutually convenient to Plaintiffs and Defendant.

      10.     Subject to and consistent with the terms of this Injunction, Plaintiffs do not object to Abebooks or other online marketplace reinstating Defendant's' Online Storefront and permitting Defendant to conduct sales on such marketplace.

      11.     This Injunction shall remain in effect until further order of the Court.


SO ORDERED this ___ day of _____, 2018.


                                                      PAUL G. GARDEPHE
                                                    United States District Judge

STIPULATED AND AGREED TO BY:

_____
ALAN MURRAY
Date: 9-6-18

_____
Matthew J. Oppenheim
Kerry M. Mustico
Matthew J. Fleischman
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Ave. NW STE 503
Washington, DC 20015
(202) 480-2999
matt@oandzlaw.com
kerry@oandzlaw.com
fleischman@oandzlaw.com

*Counsel for Plaintiffs*

Date: 9/6/18

## APPENDIX A:  PLAINTIFFS' IMPRINTS

| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |

| ELSEVIER INC. ||
|---|---|
| Academic Cell<br>Academic Press<br>Amirsys<br>Butterworth Heinemann<br>Churchill Livingstone<br>Digital Press<br>Elsevier<br>Gulf Professional Publishing<br>Hanley & Belfus<br>Knovel | Made Simple Books<br>Medicine Publishing<br>Morgan Kaufmann Publishers<br>Mosby<br>Newnes<br>North Holland<br>Saunders<br>Urban & Fischer<br>William Andrew<br>Woodhead Publishing |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC | PEARSON EDUCATION, INC. |
|---|---|
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Prentice Hall<br>Que Publishing<br>Sams Publishing |