

Matthew Fleischman
5225 Wisconsin Avenue NW | Suite 503
Washington, DC 20015
T: (202) 480-2965 | F: (866) 766-1678
fleischman@oandzlaw.com | www.oandzlaw.com

September 17, 2018

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
United States Courthouse
New York, NY 10007

      Re:    *Pearson Educ., Inc., et al. v. Doe 1 d/b/a Anything You Can Imagine, et al.*,
            SDNY Case No. 18-cv-7380-PGG

Dear Judge Gardephe:

      We represent Plaintiffs Pearson Education, Inc., Elsevier Inc., McGraw-Hill Global Education Holdings, LLC, Cengage Learning, Inc., and Bedford, Freeman & Worth Publishing Group, LLC ("Plaintiffs") in the above-referenced action.  We write to inform the Court that, despite Plaintiffs' best efforts, we were unable to reach an agreement on a Stipulated Preliminary Injunction with Defendant Borgasorus Books, Inc. ("BBI").  While we thought that an agreement could be reached, the Parties reached an impasse when BBI raised an issue outside the scope of the preliminary injunction.  BBI insisted on including in the Preliminary Injunction a right to destroy books that it believed may be counterfeit.  As the Court is aware, Plaintiffs have asserted claims against BBI for the illegal distribution of counterfeit books.  Allowing BBI to destroy counterfeit or potentially counterfeit books within their possession, custody or control, would violate its document preservation obligations, and would frustrate Plaintiffs' ability to investigate and prosecute their claims.  This proposed destruction is even more problematic because BBI refuses to provide any log of the counterfeit books and their sources.  (This, by the way, violates the Anti-Counterfeit Best Practices that BBI attested to the Court that it follows.)

      BBI has told Plaintiffs that it has commingled books that are unsaleable with books that it has identified as potentially counterfeit.  According to BBI, it has approximately 250,000 of these commingled books that it wants permission from Plaintiffs to destroy.  Plaintiffs have indicated that they do not object to BBI destroying the unsaleable books, but that the potentially counterfeit books must be preserved.  Defendant does not want to undertake the burden of unmixing the mess it has created, and argues that because it does not know for a certainty that

Hon. Paul G. Gardephe<br>
September 17, 2018<br>
Page 2

the potentially counterfeit books are relevant to the case, it should be permitted to destroy the evidence. This is nothing more than sophistry. This is a case about counterfeit books. Defendant's ability to identify and possession of such books could not be more squarely at issue, and the destruction of those books would unfairly prejudice Plaintiffs.

Since we are unable to reach agreement, Plaintiffs submit the attached proposed Preliminary Injunction. Consistent with the Court's Preliminary Injunction as to Defendants Doe 1, et al. (ECF No. 59), the Preliminary Injunction provides injunctive relief only for those Plaintiffs that purchased counterfeit textbooks from BBI as identified in Exhibit B to the Complaint, includes an asset freeze and injunction, and calls for an inspection of BBI's inventory.

However, the proposed Preliminary Injunction differs from that previously entered by the Court in three substantive ways to accommodate BBI's circumstances. First, the proposed Preliminary Injunction includes a narrower asset freeze. Indeed, less than 20% of the money in BBI's bank account would remain frozen under the proposal. Second, the proposed Preliminary Injunction would allow BBI to destroy the nonsalable copies of the three relevant Plaintiffs' textbooks it has in inventory without them being subject to inspection, unless BBI believes such books are or could be counterfeit. Third, the proposed Preliminary Injunction does not require BBI to ship all textbooks on the Inspection Notice to Plaintiffs. Instead, in consideration of the size of BBI's inventory, Plaintiffs' proposal provides that the Parties would quickly negotiate a time and place for the Inspection.[1]

Thank you for the Court's time and attention to this matter.

Sincerely,

*/s Matthew Fleischman*

---

[1] Plaintiffs are unable to propose a more precise plan at this time. Plaintiffs asked BBI's counsel for inventory information on August 30, 2018. Plaintiffs requested that information again on September 5, 2018 in a Requests for Production, the response to which was due by September 10, 2018 pursuant to the Expedited Discovery Order (ECF No. 3). BBI only provided an inventory list today.