UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; PEARSON EDUCATION, INC.; and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DOE 1 D/B/A BINGHFRAN, GOLDENRAIN2855, 2010SEVENSEAS, ND953570, and SLVR17; DOE 2 D/B/A GRIGORINAYMA-0 and NAYMANBUY; DOE 3 D/B/A IACCESSORYDEALS; DOE 4 D/B/A INTELIMIN_9; DOE 5 D/B/A KOROUSH31; DOE 6 D/B/A OPENBOXLIQUIDATORS; KARINA ABDALA; ING CREATIONS AND ENTERPRISES LLC; BUYBACK EXPRESS INC.; ALLAN WALTER GRIESE; LINDA GYORKREE KHWA; TIM KREJDOVSKY; BINH THAI NGUYEN; SERGEI ORLOV; VIKTORIA ORLOVA (A/K/A VICTORIA RONK); ALEJANDRO MORALES PEREZ; SMART PURCHASE LLC; MICHAEL RUBIO; MIRIAM TURNER (A/K/A MIRIAM GARNER); WIZE DEALZ, LLC; and JEAN M. VILSAINT,<br><br>Defendants. | Civil Action No. 1:18-cv-7382-VM |

**AMENDED STIPULATED PRELIMINARY INJUNCTION AS TO
DEFENDANT DOE 6 D/B/A OPENBOXLIQUIDATORS.**

Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., McGraw-Hill Global

Education Holdings, LLC, and Bedford, Freeman & Worth Publishing Group, LLC (collectively,

"Plaintiffs") and putative Defendant Shakeel Khan, identified in the Complaint as Doe 6 d/b/a

{02316909.1}

openboxliquidators ("Defendant") having stipulated and agreed to entry of this Preliminary Injunction (the "Injunction") without any admission regarding the validity of any alleged intellectual property rights or any admission of liability or wrongdoing by any party, it is HEREBY ORDERED that:

1. This Injunction replaces and supercedes the Stipulated Preliminary Injunction endorsed and entered by the Court on September 7, 2018 (ECF No. 28) as to Defendant doing business on eBay.com as openboxliquidators (Seller URL http://myworld.ebay.com/openboxliquidators) (the "Online Storefront").

2. In accordance with Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Works"), *i.e.*, any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (attached hereto as **Appendix A**) (the "Imprints");

   b) Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit C to the Complaint and/or associated with the Imprints on **Appendix A** ("Plaintiffs' Marks");

   c) Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

   d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe, manufacture, import, distribute, offer for sale, and/or sell counterfeit counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks.

3. Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction including but not limited to Anjali Patel, must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, held by, or transferred from any of Defendant's Online Storefront ("Defendant's Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendant's Accounts, cease allowing such money or other assets in Defendant's Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. Defendant's Accounts include but are not limited to: (a) Defendant's accounts with eBay.com or other online marketplace providers ("Online Marketplaces"); and (b) Defendant's accounts with banks, financial institutions, or payment processing companies ("Financial Institutions") that have received money or other assets from Defendant's Accounts or otherwise received sales proceeds from Defendant's Online Storefront. However, any funds received into Defendant's Account after entry of this Injunction, are not subject to this Injunction. Moreover, Defendant's Accounts do not include the following PayPal account:

| SELLER NAME | STATEMENT NAME |
|---|---|
| QualityReturns | QUALITYRETU |

4. Any funds in Anjali Patel's Vantage Credit Union account ending in *1449 over and above the $7,000 are not subject to this Injunction.

5. Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction including but not limited to Anjali Patel, are enjoined from distributing, transferring, selling, or listing for sale Plaintiffs' Works on any Online Marketplace, pending Plaintiffs' Inspection (as

defined and described herein) (the "Inspection").

6. Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Injunction including but not limited to Anjali Patel, must immediately locate all physical copies of Plaintiffs' Works that are within Defendant's possession, custody, or control, or held in inventory on behalf of Defendant, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works pending Plaintiffs' Inspection. Any copies of Plaintiffs' Works determined by Plaintiffs during the Inspection to be not counterfeit shall, upon receipt of Plaintiffs' Determination Notice (as defined below), be exempt from this Injunction.

7. To facilitate the prompt inspection of Defendant's inventory of Plaintiffs' Works, Defendant shall provide to Plaintiffs (to the extent not already produced) a list of all physical copies of Plaintiffs' Works (the "Books") held by Defendant ("Non-Amazon Inventory") or by Amazon on Defendant's behalf ("Amazon Inventory"). Plaintiffs shall identify to Defendant and, as appropriate, Amazon, all of the Books that Plaintiffs intend to inspect (the "Inspection Notice"). Within seven (7) days of receiving the Inspection Notice, Defendant shall cause Plaintiffs' Books identified on the Inspection Notice, whether such Books are Non-Amazon Inventory or Amazon Inventory, to be shipped to Plaintiffs' counsel for purposes of conducting the Inspection. If a Defendant's Amazon account is not reinstated, such that the Defendant cannot carry out the terms of this paragraph as to Amazon Inventory, Amazon shall ship to Plaintiffs' counsel, at Plaintiffs' expense, the relevant Books identified on the Inspection Notice within 7 days of receiving the Inspection Notice.

8. Plaintiffs shall conduct the Inspection promptly and provide their findings to Defendant (the "Determination Notice"). Plaintiffs shall return to Defendant any Books on the

Determination Notice that are not identified as counterfeit ("Unrestrained Textbooks"). Plaintiffs' Books that 1) are identified on the Determination Notice as Unrestrained Textbooks, or 2) <u>are not</u> identified on the Inspection Notice, shall be exempt from paragraph 5 of this Injunction. However, Plaintiffs' decision not to identify one or more of Plaintiffs' Works on the Inspection Notice does not constitute a waiver or limitation of any rights, claims, or remedies that may be applicable, or any kind of admission or finding of fact or law that any such corresponding Books are authentic.

9. Plaintiffs' counsel shall hold and preserve as evidence any Books determined by Plaintiffs to be counterfeit ("Counterfeit Textbooks") as identified in the Determination Notice. If requested by a Defendant, Plaintiffs shall make the Counterfeit Textbooks available to such Defendant for inspection at a time mutually convenient to Plaintiffs and Defendant.

10. Subject to and consistent with the terms of this Injunction, Plaintiffs do not object to Amazon, eBay, or other online marketplace reinstating, if suspended, Defendant's Online Storefront.

11. Plaintiffs and Defendants agree to extend the deadline for Defendants to move, answer, or otherwise respond to the Complaint from September 14, 2018 to October 12, 2018.

12. This Injunction shall remain in effect until further order of the Court.

SO ORDERED this ___ day of _____, 2018.

_____
VICTOR MARRERO
United States District Judge

STIPULATED AND AGREED TO BY:

_____          _____
Charles P. LaPolla                          Matthew J. Oppenheim
OSTROLENK FABER LLP                         Kerry M. Mustico
1180 Avenue of the Americas                 Matthew J. Fleischman
New York, New York 10036                    OPPENHEIM + ZEBRAK, LLP
(212) 596-0571                              5225 Wisconsin Ave. NW STE 503
clapolla@ostrolenk.com                      Washington, DC 20015
                                            (202) 480-2999
*Counsel for Defendant Shakeel Kahn*        matt@oandzlaw.com
*identified in the Complaint as Doe 6 d/b/a* kerry@oandzlaw.com
*openboxliquidators and for Anjali Patel*   fleischman@oandzlaw.com

Date: 9/25/2018                             *Counsel for Plaintiffs*

                                            Date: 9/25/18

## APPENDIX A: PLAINTIFFS' IMPRINTS

| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |
| **MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC** | **PEARSON EDUCATION, INC.** |
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Prentice Hall<br>Que Publishing<br>Sams Publishing |