

Matthew Fleischman
4530 Wisconsin Avenue NW | 5th Floor
Washington, DC 20016
T: (202) 480-2965 | F: (866) 766-1678
fleischman@oandzlaw.com | www.oandzlaw.com

April 5, 2019

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
United States Courthouse
New York, NY 10007

      Re:    *Pearson Educ., Inc., et al. v. Doe 1 d/b/a Anything You Can Imagine, et al.*,
             No. 18-cv-7380-PGG

Dear Judge Gardephe:

      We write on behalf of Plaintiffs in response to the letter filed by Defendants FlippingPages, Inc. ("FlippingPages"), Benjamin Barrett Roberts, and Cameron Wesley Roberts ("Defendants") in response to Plaintiffs' Acceptance of the Offer of Judgment (ECF No. 120).  A Rule 68 Offer of Judgment is just that, an offer to enter judgment.  In this case, it was made on behalf of all three Defendants because all three want the case concluded as to them.  Defendants do not seem to disagree with this.

      Our proposed form of judgment is basic, simple, and seemingly unobjectionable.  It would provide a judgment as against all three Defendants, without regard to which Defendant intends to pay the judgment.  Defendants proposed form of judgment is not a judgment at all.  It is a rambling order that seemingly seeks to enter a judgment against only one defendant, FlippingPages, and without saying so overtly, seeks to dismiss the other two defendants without a judgment being entered against them.

      Defendants are attempting to have their cake and eat it too in reconstruing their Offer of Judgment (the "Offer").  It is unambiguous that all three Defendants are making the offer.  Offer at 1 (ECF No. 118-1) ("Defendants Flipping Pages, Inc. ('Flipping Pages'), Benjamin Barrett Roberts, and Cameron Wesley Roberts (collectively, 'Defendants'), . . . hereby offer").  Similarly, it is unambiguous that "[i]f this Offer of Judgment is not accepted by Plaintiffs . . . then ***Defendants*** will seek to recover from Plaintiffs all of their costs and reasonable attorneys' fees incurred."  Offer at 2 (emphasis added).  If all three Defendants made an offer, pursuant to which all three

Hon. Paul G. Gardephe<br>
April 5, 2019<br>
Page 2 of 2

Defendants would be entitled to costs if the offer had been rejected, Defendants cannot now argue that it was only an offer by FlippingPages.[1]

Plaintiffs proposed judgment in no way attempts to change the relevant terms in the Offer but to instead distill them in their simplest form. To the extent there are any ambiguities in the Offer, they "will be construed against the offeror as the drafting party and, where such ambiguities are found to exist, extrinsic evidence of the parties' actual intentions will be examined to clarify those ambiguities and arrive at the meaning of the offer's material terms." *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993); *cf Jolly v. Coughlin*, No. 92 CIV. 9026 (JGK), 1999 WL 20895, at *4 (S.D.N.Y. Jan. 19, 1999) ("Moreover, ambiguities in the contract will be construed against the drafter."). Plaintiffs sought to resolve their claims as to all Defendants and did not intend to agree to provide an opportunity for Benjamin Barrett Roberts and Cameron Wesley Roberts, who control FlippingPages, to potentially avoid satisfying the judgment by, for example, moving assets from FlippingPages to another entity or even to themselves. Plaintiffs simply seek the $200,000 that was offered and accepted, taking no position as to how Defendants pay the agreed amount.

Plaintiffs respectfully request that the Court enter Plaintiffs' proposed judgment.

Thank you for the Court's time and attention to this matter.

Sincerely,<br>
/s/ Matthew Fleischman

cc:   Roberts Defendants' counsel of record (by ECF)

---

[1] Defendants' reliance on *Imbeault v. Rick's Cabaret International Inc.* is misplaced. The offer of judgment in *Imbeault* was neither made by all defendants nor did it state that all defendants would be entitled to costs should the offer be rejected. No. 1:08-cv-05458-GEL, ECF No. 17-2 (S.D.N.Y. Feb. 18, 2019). Plaintiffs do not dispute that FlippingPages had the power and capacity to make an offer on its own behalf that included a condition that the claims against Benjamin Barrett Roberts and Cameron Wesley Roberts were also dismissed. It did not do so. *Cf Struthers v. City of New York*, No. 12-CV-242, 2013 WL 5407221, at *5 (E.D.N.Y. Sept. 25, 2013).