# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bfischer@maglaw.com
(212) 880-9585

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
DANIEL F. WACHTELL

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

April 8, 2019

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

   Re: *Pearson Educ., Inc. et al. v. Doe 1 d/b/a Anything You Can Imagine, et al.*,
     No. 1:18-cv-07380 (PGG)

Dear Judge Gardephe:

  We represent Defendants Flipping Pages, Inc., Benjamin Barrett Roberts, and Cameron Wesley Roberts ("Defendants") in the above-referenced action. Plaintiffs' April 5, 2019 letter (ECF No. 123) contains significant legal and factual errors that warrant four brief responses for the Court's attention.

  *First*, Plaintiffs take issue with the fact that the Rule 68 Offer of Judgment they accepted explicitly provides for "a judgment against only one defendant, FlippingPages," and dismissal of "the other two defendants without a judgment being entered against them." (*Id.* at 1.) But Plaintiffs cite no legal authority suggesting that these terms render Defendants' Offer unenforceable. Nor could they. That's because the Second Circuit reached the exact *opposite* conclusion in *Stanczyk v. City of New York*, 752 F.3d 273 (2d Cir. 2014). In that case, the court held that "[n]othing in [Rule 68's] language appears to require that the defending party's (or parties') offer must permit taking judgment against every defending party. To the contrary, the Rule provides the defending party with discretion to 'allow judgment on specified terms,' *terms which we believe need not include taking judgment against each defendant*." *Id.* at 283 (emphasis added) (quoting Fed. R. Civ. P. 68(a)). Applying *Stanczyk*, district courts routinely have enforced Rule 68 offers that—like Defendants' Offer here—were "made on behalf of all defendants by counsel for all defendants, released all defendants from liability, and discharged all claims, *but offered judgment to be taken against only one defendant*." *Rivero v. Cach LLC*, 2014 WL 4258364, at *2 (E.D.N.Y. Aug. 27, 2014) (emphasis added).

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Paul G. Gardephe
April 8, 2019
Page 2


*Second*, without explaining how the Offer they accepted is ambiguous, Plaintiffs cite three cases for the proposition that ambiguities in Rule 68 offers are construed against the offeror.  (*See* ECF No. 123 at 2 & n.1.)  But in each of those cases, the offerees did not accept the offer of judgment, as Plaintiffs did here.  Rather, those cases involved instances in which the offerees' rejection of the offer of judgment arose in the context of litigating the meaning of the offer of judgment in the post-trial context, when the offerees were trying avoid Rule 68's fee-shifting provision.  *Cf. Struthers v. City of New York*, 2013 WL 5407221, at *1 (E.D.N.Y. Sept. 25, 2013); *Jolly v. Coughlin*, 1999 WL 20895, at *2 (S.D.N.Y. Jan. 19, 1999); *Herrington v. County of Sonoma*, 12 F.3d 901, 906 (9th Cir. 1993).  Moreover, in *Coughlin* and *Herrington*, the courts actually enforced the offers in question after concluding that they were *not* ambiguous.  *Coughlin*, 1999 WL 20895, at *4 ("[N]one of [the] purported ambiguities [asserted by the plaintiff] renders the offer ambiguous."); *Herrington*, 12 F.3d at 907 ("This offer is clear on its face, and we reject the [plaintiffs'] efforts to inject ambiguity into the settlement offer . . . .").

*Third*, Plaintiffs' note that their proposed judgment seeks to "distill" the Offer of Judgment to its "simplest form."  (ECF No. 123 at 2.)  However, this so-called distilling renders Defendants' accepted Offer of Judgment facially inconsistent with Plaintiffs' proposed judgment.  To avoid precisely this problem, the law requires an accepted Rule 68 offer to be given effect according to its precise terms.  *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) ("[W]here the language of the contract [*i.e.*, the Rule 68 offer and acceptance thereof] is clear and unambiguous, the contract is to be given effect according to its terms." (alterations in original)); *Haydenn v. City of New York*, 2012 WL 4891566, at *2 (E.D.N.Y. Oct. 15, 2012) ("*Only* the terms of the Rule 68 offer will be incorporated into the court's judgment . . . ." (emphasis added)).  Plaintiffs did not even address any of the cases cited in our April 5 letter concerning this issue.

*Finally*, although Plaintiffs refer to Defendants' counter-proposed judgment as a "rambling order" (ECF No. 123 at 1), its language is virtually identical to the offer Plaintiffs affirmatively accepted.  (*Compare* ECF No. 121, *with* ECF No. 120-1.)  It is also consistent with other Rule 68 judgments approved in this District, *see, e.g.*, *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 1:08-cv-05458-GEL, ECF No. 19, at 1 (S.D.N.Y. Feb. 20, 2009), as well as the overarching legal principle that offers of judgment should be enforced on their precise terms.

Morvillo Abramowitz Grand Iason & Anello P. C.

Hon. Paul G. Gardephe
April 8, 2019
Page 3


      We thank the Court for its time and attention.  We are available if the Court has any questions about this matter.

                                          Respectfully submitted,

                                          /s/ Benjamin S. Fischer
                                          Benjamin S. Fischer

cc:      Plaintiffs' counsel (by ECF)