# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bfischer@maglaw.com
(212) 880-9585

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
DANIEL F. WACHTELL

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 7, 2019

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

   Re: *Pearson Educ., Inc. et al. v. Doe 1 d/b/a Anything You Can Imagine, et al.*,
     No. 1:18-cv-07380 (PGG)

Dear Judge Gardephe:

  We represent Defendants Flipping Pages, Inc. ("Flipping Pages"), Benjamin Barrett Roberts and Cameron Wesley Roberts (the "Roberts Brothers") (collectively, "Defendants") in the above-referenced action. On May 2, 2019, Plaintiffs filed an Amended Complaint purporting to assert claims against Defendants. (ECF No. 128.) On April 4, 2019, however, Plaintiffs filed a Notice of Acceptance of Defendants' Rule 68 Offer of Judgment (the "Offer of Judgment"). (ECF Nos. 118, 118-1.) Plaintiffs' acceptance rendered the Offer of Judgment a binding agreement. Because the terms of the Offer of Judgment state that this action is to be dismissed with prejudice as against Defendants, Plaintiffs' are prohibited from asserting claims against them. Accordingly, and as set forth more fully in our letters dated April 5 and April 8, 2019 (*see* ECF Nos. 120, 124), we renew our request for the Court to enter judgment according to the terms set forth in the Offer of Judgment, and also request that the Court dismiss the Amended Complaint as to the Defendants.[1]

---

[1] Upon the Court's request, Defendants are prepared to brief the issue of dismissal, but Defendants believe that dismissal can and should result for the reasons stated herein and in their April 5 and April 8 letters. In that regard, this letter is sent in accordance with Rule IV.A of Your Honor's Individual Rules of Practice. We have contacted Plaintiffs by email to ascertain whether they consent to dismissal but have not received a response.

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Paul G. Gardephe
May 7, 2019
Page 2

On March 20, 2019, Defendants served an Offer of Judgment on Plaintiffs that contained the following relevant terms: (a) Plaintiffs are to take judgment "against Flipping Pages . . . in the total amount of" $200,000; (b) "all claims by Plaintiffs against Defendants [*i.e.*, Flipping Pages, Cameron Roberts and Benjamin Roberts] are [to be] dismissed *with prejudice*, and without costs, *thereby disposing of this action as against Defendants in its entirety*"; and (c) "Plaintiffs acknowledge that the Offer of Judgment Amount includes all claims relating to and any potential damages concerning all of the copyrighted works identified in Exhibit A [to the Offer of Judgment] and any unauthorized copies of Plaintiffs' copyrighted works that may have been obtained by Plaintiffs in expedited discovery prior to the date of [the] Offer. . . ." (ECF No. 118-1 at 1-2 (emphases added).)

On April 4, 2019, Plaintiffs affirmatively accepted the Offer of Judgment and filed a Notice of Acceptance with the Court. (ECF No. 118.) Plaintiffs also filed with the Court a proposed judgment that differed from the terms of the Offer of Judgment (ECF No. 119), and the parties subsequently submitted letters to the Court addressing the inconsistency between the Offer of Judgment and the proposed judgment. Defendants requested that the Court, consistent with unambiguous Second Circuit precedent, specifically enter judgment according to the precise terms of the Offer of Judgment that Plaintiffs accepted, and disregard Plaintiffs' proposed judgment. (*See* ECF No. 124 (citing, *e.g.*, *Stanczyk v. City of New York*, 752 F.3d 273, 283 (2d Cir. 2014) ("Nothing in [Rule 68's] language appears to require that the defending party's (or parties') offer must permit taking judgment against every defending party. To the contrary, the Rule provides the defending party with discretion to 'allow judgment on specified terms,' terms which we believe need not include taking judgment against each defendant."))).). To that end, Defendants submitted a Counter-Proposed Judgment that faithfully tracked the Offer of Judgment. (ECF No. 121.) This issue has been *sub judice* since April 8.

Notwithstanding Plaintiffs' acceptance of the Offer of Judgment, which specifically contemplated the dismissal of their claims against Defendants with prejudice, Plaintiffs have filed an Amended Complaint purporting to assert the very same claims against Defendants that Plaintiffs resolved by accepting the Offer of Judgment.[2] Plaintiffs' inclusion of Defendants in the Amended Complaint is completely improper as it is contrary to Plaintiffs' court-filed Notice of Acceptance and applicable law.

---

[2] Plaintiffs' motion for leave to amend had been pending since February 22, 2019. (ECF No. 110.) Plaintiffs accepted the Offer of Judgment while that motion was still pending. Indeed, every single title identified in Exhibit B to Plaintiffs' Amended Complaint that was allegedly infringed by Defendants is covered by the explicit terms of dismissal set forth in the Offer of Judgment that Plaintiffs accepted. (*Compare* ECF No. 118-1, Ex. A, *with* ECF No. 128-2.)

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Paul G. Gardephe
May 7, 2019
Page 3

      As set forth in our letters dated April 5 and April 8, 2019, we respectfully request that the Court enter judgment consistent with the Offer of Judgment and enter Defendants' Counter-Proposed Judgment (ECF No. 121), which adheres the terms set forth in the Offer of Judgment accepted by Plaintiffs. For the same reasons, the Court also should dismiss the Amended Complaint as against Defendants with prejudice.

                                                            Respectfully submitted,

                                                /s/ Benjamin S. Fischer
                                                Benjamin S. Fischer

cc:    Plaintiffs' counsel (by ECF)