UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

PEARSON EDUCATION INC., et al.,

                         Plaintiffs,

          -against-

DOE 1 D/B/A ANYTHING YOU CAN IMAGINE, et al.,

                        Defendants.

-----------------------------------------------------------x

No. 18-CV-7380 (PGG) (OTW)

**MEMORANDUM OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

Plaintiffs, national textbook publishers, bring suit against a number of online merchants for selling allegedly counterfeit textbooks infringing on Plaintiffs' copyrights. Before the Court now[1] is Plaintiffs' motion to authorize alternative service, *i.e.*, email, on Defendants Bizarre Crafts, Pradeep Kumar Sahni, Diwakar Kumar, Abhishek Kumar Singh, and Irshad Ahmed (collectively "Bizarre Crafts Defendants").[2] (ECF 176). For the following reasons, Plaintiffs' motion is GRANTED.

    **I.**    **Background**

Defendants operate a number of online storefronts, on websites such as Amazon.com ("Amazon"), selling textbooks that allegedly infringe on Plaintiffs' copyrights. First Amended Complaint ("FAC") (ECF 128) ¶ 3. Plaintiffs allege that despite the Court's temporary restraining

---

[1] On October 24, 2019, Judge Gardephe referred this specific motion to me as a non-dispositive motion/dispute. (ECF 176).

[2] Plaintiffs' motion also included a request to serve by email Defendant Gilson Jose Goncalves Filho. That request is denied as moot as Plaintiffs subsequently filed an executed waiver of service for Defendant Filho. (ECF 180).

order, the Bizarre Crafts Defendants continue to sell the allegedly counterfeit textbooks. FAC ¶ 90. Plaintiffs have examined the textbooks through books purchased from the Bizarre Crafts Defendants' online storefronts and from books provided by Amazon that came from the Bizarre Crafts Defendants' inventory. FAC ¶¶ 89, 92. Plaintiffs believe that almost all of the textbooks they examined are counterfeit. FAC ¶¶ 90, 92. In addition, the U.S. Customs and Border Protection previously seized a shipment from one of the Bizarre Crafts Defendants, which contained books bearing a counterfeit mark of one of the Plaintiffs. FAC ¶ 91. Plaintiffs filed suit in this matter on August 15, 2018 against twenty-two named and Doe defendants for claims of copyright infringement and trademark counterfeiting. (ECF 1).

Because Plaintiffs could only identify some of the defendants by their online storefront name, *e.g.*, "Gift_Fair" and "Online mySolutions," Plaintiffs sought and received an order authorizing expedited discovery to ascertain the Doe defendants' names, physical addresses, email addresses, Internet Protocol addresses, and seller identification numbers. (ECF 3 at 8-9). In response to that Order, Amazon provided Plaintiffs with email addresses, registration information, and payment account information. Declaration of Matthew I. Fleischman in Support of Plaintiffs' Motion for Alternate Service and Additional Time to Serve Defendants ("Fleischman Decl.") (ECF 178) ¶¶ 4-5. Plaintiffs then sent to the Doe defendants via email copies of the Complaint, the Court's Order to Show Cause, the Court's Temporary Restraining Order, and the Court's Expedited Discovery Order. *Id*. ¶ 6.

Plaintiffs subsequently filed an amended complaint on May 2, 2019, substituting the true names of the Doe defendants. (ECF 128). On June 14, 2019, Plaintiffs sent copies of the Amended Complaint, summons, and a waiver of service form to the Bizarre Crafts Defendants

2

by both mail and email, but never received a response. Fleischman Decl. ¶¶ 8, 10-11. On July 31, 2019, Plaintiffs moved to authorize alternate service of the Bizarre Crafts Defendants and to extend the time to effect service. (ECF 176).

II. **Discussion**

a. **Legal Standard**

Federal Rule of Civil Procedure 4(f) permits service on foreign individual defendants "by any internationally agreed means of service that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(1). If "an international agreement allows but does not specify other means" or if there are no governing agreed means, the plaintiff may use the process prescribed or directed by the foreign country. Fed. R. Civ. P. 4(f)(2). Alternatively, the plaintiff could use "other means not prohibited by international agreement" if ordered by the Court. Fed. R. Civ. P. 4(f)(3). Service on a foreign corporate defendant, such as Bizarre Crafts, can be effected by any means authorized for foreign individual defendants, as listed in Rule 4(f).[3] *See* Fed. R. Civ. P. 4(h).

It is left to the Court's discretion whether to authorize service "by other means" under Rule 4(f)(3), and exhaustion of service methods under Rule 4(f)(1) or (f)(2) is not a prerequisite for service under subsection (f)(3). *See Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377 (S.D.N.Y. 2018). Instead, the Court determines whether the proposed alternative means "satisf[ies] constitutional due process." *Id*. at 378. Service satisfies due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the

---

[3] The one exception is delivering the summons and complaint personally, which Plaintiffs here are not requesting. *See* Fed. R. Civ. P. 4(f).

3

pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### b. **Analysis**

Here, Plaintiffs request authorization of service under Rule 4(f)(3). Based on Amazon's information, Plaintiffs believe that the Bizarre Crafts Defendants operate out of India.[4] Fleischman Decl. ¶ 4. Because the United States and India are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"),[5] Plaintiffs cannot propose a method prohibited by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(3) ("means not prohibited by international agreement"). As Plaintiffs note, India has objected to Article 10 of the Hague Convention,[6] which authorizes service "by postal channels." *See* Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, art. 2, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

Plaintiffs do not seek service by mail, but by email. Courts have repeatedly authorized service by email to defendants in countries, including India, that have objected to Article 10, finding that email is not included within the scope of Article 10. *See, e.g.*, *Sadis & Goldberg LLP v. Banerjee*, No. 14-CV-913 (LTS), 2014 WL 12838497, at *1 (S.D.N.Y. July 3, 2014) (authorizing email service to Indian defendant); *F.T.C. v. Pecon Software Ltd.*, Nos. 12-CV-7186, 12-CV-7188,

---

[4] Although Amazon listed addresses in both India and California, Plaintiffs determined that the California address was merely a shipping warehouse shared with other online merchants. FAC ¶ 89 n.2.

[5] *See* Status Table, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 27, 2019).

[6] *See* Declaration/Reservation/Notification, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=984&disp=resdn (last visited Nov. 27, 2019).

12-CV-7191, 12-CV-7192, 12-CV-7195 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (same); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (same); *see also Patrick's Restaurant, LLC v. Singh*, No. 18-CV-00764 (ECT) (KMM), 2019 WL 121250, at *3 (D. Minn. Jan. 7, 2019) (noting a "strong majority of courts" have held that objection to Article 10 does not encompass emails); *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (holding that objection to Article 10 and postal mail service is different from objection to service by email). Accordingly, the Court chooses to follow the many courts, both in this District and outside, that have found email to be outside the scope of Article 10.

Email service has also repeatedly been found by courts to meet the requirements of due process. *See Elsevier*, 287 F. Supp. 3d at 379 (collecting cases). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *See F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Here, Amazon, the company that hosts the Bizarre Crafts Defendants' business and stores some of their inventory, provided Plaintiffs with the email addresses used by the Bizarre Crafts Defendants to operate their online storefronts. Fleischman Decl. ¶ 5. Because the Bizarre Crafts Defendants have run, and continue to run, an online business, their email addresses are likely their primary mode of communication.[7] *See Elsevier*, 287 F. Supp. 3d at 379 (ordering email service where the defendant has an online business and regularly communicates with customers via email); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (same). Accordingly, the Court finds that

---

[7] Indeed, the email address provided by Amazon for Defendant Filho proved to be effective as Defendant Filho communicated with Plaintiffs via that email address.

5

service by email is reasonably calculated to reach the Bizarre Crafts Defendants and provide notice.

Lastly, Plaintiffs request an extension of time to effect service through this alternative method. (ECF 177 at 16). As an initial matter, the 90-day time limit for service "does not apply to service in a foreign country." *See* Fed. R. Civ. P. 4(m). Granted, "the amount of time allowed for foreign service is not unlimited." *See Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 516 (S.D.N.Y. 2013) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Because Plaintiffs only request five days to effect service, the extension request is reasonable.

### III. Conclusion

For the foregoing reasons, Plaintiffs shall serve the Bizarre Crafts Defendants by email using every email address for the Bizarre Crafts Defendants known to Plaintiffs. Such service shall be completed within 5 days of the date of this Order.

The Clerk is directed to close ECF 176.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: December 2, 2019                                      **Ona T. Wang**
New York, New York                              United States Magistrate Judge