UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    6/20/2024
```

PEARSON EDUCATION, INC., et al.,

                                  Plaintiffs,

                -against-

Bradley Young, et al.,

                                  Defendants.

18-CV-07380 (MMG)

**ORDER ADOPTING
REPORT &
RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

On November 25, 2020, Judge Paul G. Gardephe, the District Judge formerly assigned to this case, entered default against Defendants Bradley Young, Bizzare Crafts Pvt. Ltd., Pradeep Kumar Sahni, Diwakar Kumar, Abhishek Kumar Singh, Irshad Ahmed, Sushil Kumar Sharma, Niya Wood, Gilson Jose Goncalves Filho, Anthem LLC, and Tracy W. Jernigan, and referred the case to Magistrate Judge Ona T. Wang for a Report and Recommendation on a damages inquest. *See* Dkt. No. 229.[1]  In the Report and Recommendation filed on June 3, 2024, Magistrate Judge Wang recommended that default judgment be entered for the Plaintiffs against Defendants, that damages be awarded in the amount of $27,690,000 plus post-judgment interest, and an injunction be issued permanently enjoining Defendants, their agents, and all those in active concert or participation with them from further infringing Plaintiffs' copyrights and trademarks.  *See* Dkt. No. 259.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United*

---

[1] Defendant Bradley Young was later voluntarily dismissed from this action.

*States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In the present case, the Report and Recommendation advised the parties that they had fourteen (14) days from receipt of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. No. 259 at 23.  In addition, the Report and Recommendation expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).  Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Specifically, damages are hereby awarded in the total amount of $27,690,000, to be distributed as followed: Defendants Anthem, LLC and Tracy W. Jernigan are liable to Plaintiffs Cengage and Pearson for $4,150,000; Defendants Bizzare Crafts Pvt. Ltd., Pradeep Kumar Sahni, Diwakar Kumar, Abhishek Kumar Singh, Irshad Ahmed, and Sushil Kumar Sharma are liable to all Plaintiffs for $16,730,000; Defendant Gilson Jose Goncalves Filho is liable to

Plaintiffs Cengage, McGraw Hill, and Pearson for $360,000; and Defendant Niya Wood is liable to Plaintiffs Cengage, McGraw Hill, and Pearson for $6,450,000.

It is further ordered that Plaintiffs be awarded post-judgment interest in accordance with 28 U.S.C. § 1961(a) to be calculated from the date the default judgment is entered.

Finally, the Defendants, their agents, and all those in active concert or participation with them are hereby permanently enjoined from further infringing Plaintiffs' copyrights and trademarks.

The Clerk of Court is respectfully directed to CLOSE the case.

Dated: June 20, 2024
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge